# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TEMPUS AI, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 24-cv-08592 |
| | ) | |
| SEAN BEYER, an individual, CYDNEY | ) | |
| PADEN, an individual, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S (EXPEDITED) FIRST SET OF INTERROGATORIES**
**TO DEFENDANT SEAN BEYER**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Court's Order, Plaintiff Tempus AI, Inc. ("Tempus" or "Plaintiff"), demands that Defendant Sean Beyer ("Beyer" or "Defendant") respond to the following expedited Interrogatories in writing and under oath. Defendant shall provide written responses within ten (10) calendar days of service to the offices of Sheppard Mullin, Richter & Hampton LLP, 321 N. Clark St., Suite 3100, Chicago, Illinois 60654, attn: Mikela T. Sutrina, msutrina@sheppardmullin.com.

**DEFINITIONS**

The following definitions shall apply to the instructions and Interrogatories below, unless specifically indicated, or otherwise required, by the context of the Interrogatory:

1.     The terms "Plaintiff" or "Tempus" mean Tempus AI, Inc., its agents and employees, and its subsidiaries, affiliates and joint ventures.

2.     The term "Guardant" means Guardant Health, Inc., its subsidiaries and affiliates, and its past or present directors, employees, officers, representatives, agents, attorneys, investigators, or anyone else acting on its behalf.

3. The terms "You," "Your," and "Defendant" mean Defendant Sean Beyer, and all past and present representatives, agents, attorneys, employees, consultants, advisors, and all other persons acting, or purporting to act, on behalf of Defendant Sean Beyer.

4. The term "Beyer Agreement" means Tempus's Confidentiality, Intellectual Property, and Protective Covenants Agreement You executed on November 7, 2022.

5. The term "Verified Complaint" means the Verified Complaint filed in the above-captioned action on September 18, 2024 (Dkt. No. 1).

6. The term "Tempus Customer" means any actual customer of Tempus at any time during the last twelve months of Your Tempus employment, any entity or individual that was a customer target or prospective customer for Tempus at any time during the last twelve months of Your Tempus employment, and any business relationship between Tempus and an individual or entity in which Tempus provided a product or service at any time during the last twelve months of Your Tempus employment.

7. The term "Confidential Information" or "Trade Secret" means any information regarding the business and operations of Tempus, including but not limited to Tempus's business plans, growth plans, testing strategies, mechanisms of its platforms, software, data models, processes, patented information, copyrighted information, trademarks and trademarked information, technology, competitive strategies and techniques, operational strategies and techniques, financial information, business forecasts, research, experimental work, design details and specifications, engineering, information relating to any patient (including personal health information), customer lists, information relating to customers' needs, objectives, and preferences (current or historic), customer order history, customer pricing, customer billing rates, customer contact information, customer contract details or information, customer profitability,

2

customer projects, customer proposals, or any other information pertaining to Tempus's operations, offerings, patients, and customers. These terms also cover any third-party information of the foregoing that was provided to Tempus.

8.     The term "Communication(s)" means any verbal conversation or written statement from one person to another, whether oral or written, including, but not limited to, any correspondence, presentation, e-mail, text, SMS message, instant message, Social Media posting or comment (including, but not limited to, Facebook, Twitter, and LinkedIn), memorandum, interview, conference, meeting, or telephone conversation.

9.     The term "Document" is used in its broadest sense and means, without limiting the generality of its meaning, any written, typed, printed, recorded or graphic matter of any kind, however produced or reproduced, and all non-identical copies thereof, whether different because of notes made thereon or otherwise, including, but not limited to, and by way of example only: letters or other correspondence, messages, telegrams, telexes, facsimiles, e-mails, text messages, Facebook posts or messages; LinkedIn posts or messages, memoranda, notations, reports, analyses, schedules, calendars, time cards, punch cards, summaries, charts, graphs, studies, tabulations, statements, notes, notebooks, work papers, telephone toll records, invoices, books, pamphlets, brochures, press releases, diaries, minutes of meetings or conferences, transcripts of telephone conversations, transcripts of testimony, cost sheets, financial reports, accountants' papers, opinions, or reports of consultants, checks (front and back), check stubs, receipts, ledgers, purchase orders, pictures, photographs, contracts, agreements, advertisements, motion picture films, tapes, tape recordings, videotapes, indices, microfilm, other data compilations, including computer data, computer diskettes or the memory units containing such data from

which information can be obtained or translated into usable form, drafts of any of the foregoing, English translations or summaries of foreign language documents and all similar documents.

10.     The term "identify" (with respect to persons) means to give, to the extent known, the persons' full name, present last known address and, when referring to a natural person, additionally, the present or last known place of employment.

11.     The term "identify" (with respect to documents) means to give, to the extent known, the: (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s) and recipient(s).

12.     "Including" means including but not limited to the referenced subject.

13.     "Information" means information of any kind in any form whatsoever.

14.     "Person" or "Individual" means all natural persons, corporations, partnerships, limited partnerships, joint ventures, unincorporated associations, any other business association, government entities, and all other legal entities.

15.     The terms "concerning" and "relating to" as used herein shall be interpreted broadly and shall include, but not be limited to, the following meanings: consisting, containing, regarding, recording, discussing, mentioning, noting, evidencing, supporting, memorializing, summarizing, analyzing, describing, commenting upon, pertaining to and/or referring, in whole or in part, to the matters set forth.

16.     The use of the singular form of any word includes the plural and vice versa.

17.     All references made and all nouns and pronouns herein shall be construed in the singular or the plural and in such gender as the sense and circumstances require.

## **GENERAL INSTRUCTIONS**

The following general instructions shall apply to each of the Interrogatories below, unless specifically indicated, or otherwise required, by the context of the Interrogatory:

1.  For the purpose of this (Expedited) First Set of Interrogatories, the relevant time period is from January 1, 2024 to the present.

2.  The answer to each interrogatory shall include all information within Defendant's possession, direction or control. Where facts set forth in the answers are supplied on information and belief rather than on actual knowledge, so state and identify the source or sources of such information or belief.

3.  If an answer is not within the personal knowledge of the person answering the interrogatory, identify each person known to have personal knowledge of the answer provided.

4.  In answering each interrogatory, identify the person(s) providing the information necessary to formulate an answer to that interrogatory.

5.  If an interrogatory cannot be answered in full due to an incomplete or continuing investigation, so state and answer to the fullest extent possible.

6.  If any information or Document described in or responsive to these interrogatories was, but no longer is, in Defendant's possession, subject to his custody, control or direction, or in existence, state whether:

    a.  It is missing or lost;

    b.  It has been destroyed;

    c.  It has been transferred, voluntarily or involuntarily, to another;

    d.  It has been otherwise disposed of; and

    e.  In each instance, explain the circumstances surrounding such disposition and identify the person(s) directing or authorizing the same and the date(s) thereof.

7.  For purposes of this and subsequent interrogatories, a singular word includes the plural form of such word and vice-versa as the context of the interrogatory or its answer requires.

8. The terms "and" and "or" shall be construed both conjunctively and disjunctively so as to encompass the broadest possible response.

9. With respect to any Document for which a privilege is being asserted, identify such document by stating (a) the name, title and job or position of the document's author; (b) the name, title and job or position of document's sender; (c) the name, title and job or position of every person who received or saw the document or any of its copies; (d) the date of the document; (e) the physical description of the document, including size, length, typed or handwritten, etc.; (f) a brief description of the document's subject matter; (g) the basis for the privilege asserted; and (h) the name, title, and job or position of all persons on whose behalf the privilege is asserted.

10. With respect to any conversation for which a privilege is being asserted, identify by stating (a) when the conversation occurred; (b) where the conversation occurred; (c) the name, title and job or position of each person who was present at or during the conversation, whether or not such conversation was in person or by telephone; (d) a brief description of the conversation's subject matter; and (e) the name, title, and job or position of all persons on whose behalf the privilege is asserted.

11. These interrogatories are continuing in nature as to require supplemental responses if You learn of additional responsive information between the time of initial responses and the time of a preliminary injunction hearing and/or trial pursuant to Rule 26(c).

## **INTERROGATORIES**

1. Identify Your position at Guardant and describe, in detail, Your compensation (including salary, signing bonuses, equity/stock, and/or any bonus, incentive or performance based compensation) and all Your job duties and responsibilities, including all duties and responsibilities related to Guardant's sales division, efforts, and/or projects.

6

**ANSWER:**

2.      Describe, in detail, all Communications between You and Guardant during the course of Your employment with Tempus, including, but not limited to, dates, times and methods of Communication, the Persons involved in such Communications, and the substance of the Communications.

**ANSWER:**

3.      Describe, in detail, all Communications between You and any other Person, including but not limited to Guardant, other than in the normal course of Your Tempus duties, since July 1, 2024 relating to Tempus during the course of and subsequent to Your employment with Tempus, including but not limited to presentations You provided concerning, covering, or relating to Tempus products, services, and/or customers, and specify the dates, times and methods of Communication, the Persons involved in such Communications, and the substance of the Communications.

**ANSWER:**

4.      Describe, in detail, all Communications between You and any other Person relating to Your recruitment to Guardant and/or departure from Tempus, including dates, times and methods of Communication, the Persons involved in such Communications, and the substance of the Communications.

**ANSWER:**

5.      Describe, in detail, all Communications between You and any other Person relating to the Beyer Agreement, including dates, times and methods of Communication, the Persons involved in such Communications, and the substance of the Communications.

**ANSWER:**

6.      Identify all Documents containing Tempus's Confidential Information or Trade Secrets and all other Tempus Documents currently in Your possession or to which You otherwise have access.

**ANSWER:**

7.      Identify all Tempus Documents You accessed, downloaded, printed, exported, and/or uploaded from July 1, 2024 through the present, including the name or title of each Document and a description of the contents of each Document.

**ANSWER:**

8.      Describe, in detail, for each Document identified in response to Interrogatory No. 7 herein, for what purpose You accessed, downloaded, printed, exported, and/or uploaded each Document and what You have done with the information contained in each Document and the actual Document since You accessed, downloaded, printed, exported, and/or uploaded each Document.

**ANSWER:**

9.      Describe, in detail, all Communications between You and any other Person related to the Documents identified in response to Interrogatory No. 7 herein, including dates, times and methods of Communication, the Persons involved in such Communications, and the substance of the Communications.

**ANSWER:**

10.     Describe, in detail, all Communications between You and any Tempus Customer from July 1, 2024 through the present, including dates, times and methods of Communication, the Persons involved in such Communications, and the substance of the Communications.

**ANSWER:**

Dated: September 18, 2024

Respectfully submitted,

TEMPUS AI, INC.

By: /s/ *Mikela T. Sutrina*
$\qquad\qquad\qquad$ One of Its Attorneys

Mikela T. Sutrina (6311408)
Thomas V. Panoff (6283695 )
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
321 N. Clark Street, 32nd Floor
Chicago, Illinois 60654
Tel: (312) 499-6300
Fax: (313) 499-6301
msutrina@sheppardmullin.com
tpanoff@sheppardmullin.com

9

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TEMPUS AI, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 24-cv-08592 |
| | ) | |
| SEAN BEYER, an individual, CYDNEY | ) | |
| PADEN, an individual, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S (EXPEDITED) FIRST SET OF INTERROGATORIES
TO DEFENDANT CYDNEY PADEN**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Court's Order, Plaintiff Tempus AI, Inc. ("Tempus" or "Plaintiff"), demands that Defendant Cydney Paden (" Paden" or "Defendant") respond to the following expedited Interrogatories in writing and under oath. Defendant shall provide written responses within ten (10) calendar days of service to the offices of Sheppard Mullin, Richter & Hampton LLP, 321 N. Clark St., Suite 3100, Chicago, Illinois 60654, attn: Mikela T. Sutrina, msutrina@sheppardmullin.com.

**<u>DEFINITIONS</u>**

The following definitions shall apply to the instructions and Interrogatories below, unless specifically indicated, or otherwise required, by the context of the Interrogatory:

1.      The terms "Plaintiff" or "Tempus" mean Tempus AI, Inc., its agents and employees, and its subsidiaries, affiliates and joint ventures.

2.      The term "Guardant" means Guardant Health, Inc., its subsidiaries and affiliates, and its past or present directors, employees, officers, representatives, agents, attorneys, investigators, or anyone else acting on its behalf.

3. The terms "You," "Your," and "Defendant" mean Defendant Cydney Paden, and all past and present representatives, agents, attorneys, employees, consultants, advisors, and all other persons acting, or purporting to act, on behalf of Defendant Cydney Paden.

4. The term "Paden Agreement" means Tempus's Confidentiality, Intellectual Property, and Restrictive Covenants Agreement You executed on May 14, 2019.

5. The term "Verified Complaint" means the Verified Complaint filed in the above-captioned action on September 18, 2024 (Dkt. No. 1).

6. The term "Tempus Customer" means any actual customer of Tempus at any time during the last twelve months of Your Tempus employment, any entity or individual that was a customer target or prospective customer for Tempus at any time during the last twelve months of Your Tempus employment, and any business relationship between Tempus and an individual or entity in which Tempus provided a product or service at any time during the last twelve months of Your Tempus employment.

7. The term "Confidential Information" or "Trade Secret" means any information regarding the business and operations of Tempus, including but not limited to Tempus's business plans, growth plans, testing strategies, mechanisms of its platforms, software, data models, processes, patented information, copyrighted information, trademarks and trademarked information, technology, competitive strategies and techniques, operational strategies and techniques, financial information, business forecasts, research, experimental work, design details and specifications, engineering, information relating to any patient (including personal health information), customer lists, information relating to customers' needs, objectives, and preferences (current or historic), customer order history, customer pricing, customer billing rates, customer contact information, customer contract details or information, customer profitability,

2

customer projects, customer proposals, or any other information pertaining to Tempus's operations, offerings, patients, and customers. These terms also cover any third-party information of the foregoing that was provided to Tempus.

8. The term "Communication(s)" means any verbal conversation or written statement from one person to another, whether oral or written, including, but not limited to, any correspondence, presentation, e-mail, text, SMS message, instant message, Social Media posting or comment (including, but not limited to, Facebook, Twitter, and LinkedIn), memorandum, interview, conference, meeting, or telephone conversation.

9. The term "Document" is used in its broadest sense and means, without limiting the generality of its meaning, any written, typed, printed, recorded or graphic matter of any kind, however produced or reproduced, and all non-identical copies thereof, whether different because of notes made thereon or otherwise, including, but not limited to, and by way of example only: letters or other correspondence, messages, telegrams, telexes, facsimiles, e-mails, text messages, Facebook posts or messages; LinkedIn posts or messages, memoranda, notations, reports, analyses, schedules, calendars, time cards, punch cards, summaries, charts, graphs, studies, tabulations, statements, notes, notebooks, work papers, telephone toll records, invoices, books, pamphlets, brochures, press releases, diaries, minutes of meetings or conferences, transcripts of telephone conversations, transcripts of testimony, cost sheets, financial reports, accountants' papers, opinions, or reports of consultants, checks (front and back), check stubs, receipts, ledgers, purchase orders, pictures, photographs, contracts, agreements, advertisements, motion picture films, tapes, tape recordings, videotapes, indices, microfilm, other data compilations, including computer data, computer diskettes or the memory units containing such data from

which information can be obtained or translated into usable form, drafts of any of the foregoing, English translations or summaries of foreign language documents and all similar documents.

10. The term "identify" (with respect to persons) means to give, to the extent known, the persons' full name, present last known address and, when referring to a natural person, additionally, the present or last known place of employment.

11. The term "identify" (with respect to documents) means to give, to the extent known, the: (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s) and recipient(s).

12. "Including" means including but not limited to the referenced subject.

13. "Information" means information of any kind in any form whatsoever.

14. "Person" or "Individual" means all natural persons, corporations, partnerships, limited partnerships, joint ventures, unincorporated associations, any other business association, government entities, and all other legal entities.

15. The terms "concerning" and "relating to" as used herein shall be interpreted broadly and shall include, but not be limited to, the following meanings: consisting, containing, regarding, recording, discussing, mentioning, noting, evidencing, supporting, memorializing, summarizing, analyzing, describing, commenting upon, pertaining to and/or referring, in whole or in part, to the matters set forth.

16. The use of the singular form of any word includes the plural and vice versa.

17. All references made and all nouns and pronouns herein shall be construed in the singular or the plural and in such gender as the sense and circumstances require.

## <u>GENERAL INSTRUCTIONS</u>

The following general instructions shall apply to each of the Interrogatories below, unless specifically indicated, or otherwise required, by the context of the Interrogatory:

1.  For the purpose of this (Expedited) First Set of Interrogatories, the relevant time period is from January 1, 2024 to the present.

2.  The answer to each interrogatory shall include all information within Defendant's possession, direction or control. Where facts set forth in the answers are supplied on information and belief rather than on actual knowledge, so state and identify the source or sources of such information or belief.

3.  If an answer is not within the personal knowledge of the person answering the interrogatory, identify each person known to have personal knowledge of the answer provided.

4.  In answering each interrogatory, identify the person(s) providing the information necessary to formulate an answer to that interrogatory.

5.  If an interrogatory cannot be answered in full due to an incomplete or continuing investigation, so state and answer to the fullest extent possible.

6.  If any information or Document described in or responsive to these interrogatories was, but no longer is, in Defendant's possession, subject to her custody, control or direction, or in existence, state whether:

    a.  It is missing or lost;

    b.  It has been destroyed;

    c.  It has been transferred, voluntarily or involuntarily, to another;

    d.  It has been otherwise disposed of; and

    e.  In each instance, explain the circumstances surrounding such disposition and identify the person(s) directing or authorizing the same and the date(s) thereof.

7.  For purposes of this and subsequent interrogatories, a singular word includes the plural form of such word and vice-versa as the context of the interrogatory or its answer requires.

8. The terms "and" and "or" shall be construed both conjunctively and disjunctively so as to encompass the broadest possible response.

9. With respect to any Document for which a privilege is being asserted, identify such document by stating (a) the name, title and job or position of the document's author; (b) the name, title and job or position of document's sender; (c) the name, title and job or position of every person who received or saw the document or any of its copies; (d) the date of the document; (e) the physical description of the document, including size, length, typed or handwritten, etc.; (f) a brief description of the document's subject matter; (g) the basis for the privilege asserted; and (h) the name, title, and job or position of all persons on whose behalf the privilege is asserted.

10. With respect to any conversation for which a privilege is being asserted, identify by stating (a) when the conversation occurred; (b) where the conversation occurred; (c) the name, title and job or position of each person who was present at or during the conversation, whether or not such conversation was in person or by telephone; (d) a brief description of the conversation's subject matter; and (e) the name, title, and job or position of all persons on whose behalf the privilege is asserted.

11. These interrogatories are continuing in nature as to require supplemental responses if You learn of additional responsive information between the time of initial responses and the time of a preliminary injunction hearing and/or trial pursuant to Rule 26(c).

## **INTERROGATORIES**

1. Identify Your position at Guardant and describe, in detail, Your compensation (including salary, signing bonuses, equity/stock, and/or any bonus, incentive or performance based compensation) and all Your job duties and responsibilities, including all duties and responsibilities related to Guardant's sales division, efforts, and/or projects.

**ANSWER:**

2.      Describe, in detail, all Communications between You and Guardant during the course of Your employment with Tempus, including, but not limited to, dates, times and methods of Communication, the Persons involved in such Communications, and the substance of the Communications.

**ANSWER:**

3.      Describe, in detail, all Communications between You and any other Person, including but not limited to Guardant, other than in the normal course of Your Tempus duties, since July 1, 2024 relating to Tempus during the course of and subsequent to Your employment with Tempus, including but not limited to presentations You provided concerning, covering, or relating to Tempus products, services, and/or customers, and specify the dates, times and methods of Communication, the Persons involved in such Communications, and the substance of the Communications.

**ANSWER:**

4.      Describe, in detail, all Communications between You and any other Person relating to Your recruitment to Guardant and/or departure from Tempus, including dates, times and methods of Communication, the Persons involved in such Communications, and the substance of the Communications.

**ANSWER:**

5.      Describe, in detail, all Communications between You and any other Person relating to the Paden Agreement, including dates, times and methods of Communication, the Persons involved in such Communications, and the substance of the Communications.

**ANSWER:**

6.     Identify all Documents containing Tempus's Confidential Information or Trade Secrets and all other Tempus Documents currently in Your possession or to which You otherwise have access.

**ANSWER:**

7.     Identify all Tempus Documents You accessed, downloaded, printed, exported, and/or uploaded from July 1, 2024 through the present, including the name or title of each Document and a description of the contents of each Document.

**ANSWER:**

8.     Describe, in detail, for each Document identified in response to Interrogatory No. 7 herein, for what purpose You accessed, downloaded, printed, exported, and/or uploaded each Document and what You have done with the information contained in each Document and the actual Document since You accessed, downloaded, printed, exported, and/or uploaded each Document.

**ANSWER:**

9.     Describe, in detail, all Communications between You and any other Person related to the Documents identified in response to Interrogatory No. 7 herein, including dates, times and methods of Communication, the Persons involved in such Communications, and the substance of the Communications.

**ANSWER:**

10.     Describe, in detail, all Communications between You and any Tempus Customer from July 1, 2024 through the present, including dates, times and methods of Communication, the Persons involved in such Communications, and the substance of the Communications.

**ANSWER:**

Dated: September 18, 2024          Respectfully submitted,

TEMPUS AI, INC.

By: /s/ *Mikela T. Sutrina*
                      One of Its Attorneys

Mikela T. Sutrina (6311408)
Thomas V. Panoff (6283695 )
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
321 N. Clark Street, 32nd Floor
Chicago, Illinois 60654
Tel: (312) 499-6300
Fax: (313) 499-6301
msutrina@sheppardmullin.com
tpanoff@sheppardmullin.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TEMPUS AI, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 24-cv-08592 |
| | ) | |
| SEAN BEYER, an individual, CYDNEY | ) | |
| PADEN, an individual, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S (EXPEDITED) FIRST REQUESTS FOR PRODUCTION TO DEFENDANT SEAN BEYER

Plaintiff Tempus AI, Inc. ("Tempus" or "Plaintiff"), demands that Defendant Sean Beyer ("Beyer" or "Defendant") produce for inspection and copying at the offices of Sheppard Mullin, Richter & Hampton LLP, 321 N. Clark St., Suite 3100, Chicago, Illinois 60654, attn: Mikela T. Sutrina, msutrina@sheppardmullin.com, within ten (10) calendar days from the date of service of these Requests, the documents and things in his possession, custody, or control that are described below.

## DEFINITIONS

The following definitions shall apply to the instructions and Requests below, unless specifically indicated, or otherwise required, by the context of the Request:

1. The terms "Plaintiff" or "Tempus" mean Tempus AI, Inc., its agents and employees, and its subsidiaries, affiliates and joint ventures.

2. The term "Guardant" means Guardant Health, Inc., its subsidiaries and affiliates, and its past or present directors, employees, officers, representatives, agents, attorneys, investigators, or anyone else acting on its behalf.

3.      The terms "You," "Your," and "Defendant" means Defendant Sean Beyer, and all past and present representatives, agents, attorneys, employees, consultants, advisors, and all other persons acting, or purporting to act, on behalf of Defendant Sean Beyer.

4.      The term "Beyer Agreement" means Tempus's Confidentiality, Intellectual Property, and Protective Covenants Agreement You executed on November 7, 2022.

5.      The term "Verified Complaint" means the Verified Complaint filed in the above-captioned action on September 18, 2024 (Dkt. No. 1).

6.      The term "Confidential Information" or "Trade Secret" means any information regarding the business and operations of Tempus, including but not limited to Tempus's business plans, growth plans, testing strategies, mechanisms of its platforms, software, data models, processes, patented information, copyrighted information, trademarks and trademarked information, technology, competitive strategies and techniques, operational strategies and techniques, financial information, business forecasts, research, experimental work, design details and specifications, engineering, information relating to any patient (including personal health information), customer lists, information relating to customers' needs, objectives, and preferences (current or historic), customer order history, customer pricing, customer billing rates, customer contact information, customer contract details or information, customer profitability, customer projects, customer proposals, or any other information pertaining to Tempus's operations, offerings, patients, and customers.  These terms also cover any third-party information of the foregoing that was provided to Tempus.

7.      The term "Communication(s)" means any verbal conversation or written statement from one person to another, whether oral or written, including, but not limited to, any correspondence, e-mail, text, SMS message, instant message, Social Media posting or comment

(including, but not limited to, Facebook, Twitter, and LinkedIn), memorandum, interview, conference, meeting, or telephone conversation.

8.    The term "Document" is used in its broadest sense and means, without limiting the generality of its meaning, any written, typed, printed, recorded or graphic matter of any kind, however produced or reproduced, and all non-identical copies thereof, whether different because of notes made thereon or otherwise, including, but not limited to, and by way of example only: letters or other correspondence, messages, telegrams, telexes, facsimiles, e-mails, text messages, Facebook posts or messages; LinkedIn posts or messages, memoranda, notations, reports, analyses, schedules, calendars, time cards, punch cards, summaries, charts, graphs, studies, tabulations, statements, notes, notebooks, work papers, telephone toll records, invoices, books, pamphlets, brochures, press releases, diaries, minutes of meetings or conferences, transcripts of telephone conversations, transcripts of testimony, cost sheets, financial reports, accountants' papers, opinions, or reports of consultants, checks (front and back), check stubs, receipts, ledgers, purchase orders, pictures, photographs, contracts, agreements, advertisements, motion picture films, tapes, tape recordings, videotapes, indices, microfilm, other data compilations, including computer data, computer diskettes or the memory units containing such data from which information can be obtained or translated into usable form, drafts of any of the foregoing, English translations or summaries of foreign language documents and all similar documents.

9.    The term "identify" (with respect to persons) means to give, to the extent known, the persons' full name, present last known address and, when referring to a natural person, additionally, the present or last known place of employment.

10.     The term "identify" (with respect to documents) means to give, to the extent known, the: (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s) and recipient(s).

11.     "Including" means including but not limited to the referenced subject.

12.     "Information" means information of any kind in any form whatsoever.

13.     "Person" or "Individual" means all natural persons, corporations, partnerships, limited partnerships, joint ventures, unincorporated associations, any other business association, government entities, and all other legal entities.

14.     The terms "concerning" and "relating to" as used herein shall be interpreted broadly and shall include, but not be limited to, the following meanings: consisting, containing, regarding, recording, discussing, mentioning, noting, evidencing, supporting, memorializing, summarizing, analyzing, describing, commenting upon, pertaining to and/or referring, in whole or in part, to the matters set forth.

15.     The use of the singular form of any word includes the plural and vice versa.

16.     All references made and all nouns and pronouns herein shall be construed in the singular or the plural and in such gender as the sense and circumstances require.

## GENERAL INSTRUCTIONS

The following general instructions shall apply to each of the requests for production below, unless specifically indicated, or otherwise required, by the context of the Request:

1.     Continuing Requests.     These Requests are continuing in nature. If, after producing the requested Documents, Defendant obtains or becomes aware of any further Documents responsive to any Request herein, Defendant is required to produce to Plaintiff such additional Documents and supplement his responses.

2.      <u>Privileged or Proprietary Matter</u>.  In the event that any Document is withheld on the basis of any legal objection or privilege, Defendant shall indicate the following information for each such withheld Document:  (a) date of the Document; (b) general character or type of Document (*i.e.*, letter, memorandum, notes of meeting, etc.); (c) identity of the person in possession of the Document; (d) identity of the author of the Document; (e) identity of the original recipient or holder of the Document; (f) relationship of the author, addressee and any other recipient; (g) general subject matter of the Document; and (h) legal basis, including, but not limited to, any legal objection or privilege for withholding the Document.

3.      <u>Lost or Destroyed Documents</u>.  If any Document which is the subject of these Requests was at one time in existence, but was subsequently lost, discarded, or destroyed, identify such Document as completely as possible, including the following information:  (a) type of Document, (b) date of Document, (c) date when the Document became lost, discarded or destroyed, (d) circumstances under which the Document was lost, discarded or destroyed, and (e) identity of all Persons having knowledge of the contents of the Document.

4.      <u>Form of Production Pursuant to Federal Rule of Civil Procedure 34(b)(2)(E)</u>.  All Documents shall be produced as they are kept in the usual course of business or as You ordinarily keep them, or You shall organize and label them to correspond with the categories in the Request, where such Request includes categories.  In this connection, and for purposes of illustration, all Documents should be produced in the file folders and file cartons in which they have been maintained or stored, clipped, stapled or otherwise arranged in the same form and manner as they were found.  If You choose to produce Documents corresponding with the categories in a Request, where such Request includes categories, You should identify the file folders, drawers, or cartons in which the Documents were originally maintained and the Person

5

or Persons in whose custody or control such files are or were maintained.  In the case of digital items stored and/or located in digital file folders or containers, You shall identify the file folder and/or container, by name, in which each such digital item (identified by the Bates label You assign such digital item or some other identifier You assign such item allowing Plaintiff the ability to easily identify the item) are stored and/or located by production of metadata or separate communication containing such file folders and/or containers identification and corresponding produced items' designation(s).  All Documents, including Communications, shall be produced in native form or in the form of a searchable (by word and/or term) PDF.  In the case of message strings (*i.e.*, digital typed messages and/or instant messages), including but not limited to text message strings, Zoom message strings, Microsoft Teams message strings, Slack message strings, and Whatsapp message strings, such message strings must be produced in either (1) Excel format identifying the date, time, sender, and recipient of each message and all individuals a part of each message string or (2) PDF format containing the date, time, and sender of each message and beginning with the first message in the message string and containing each subsequent message in the message string, produced in a continuous, contiguous manner.  All Documents, Communications, and other items attached or appended to (whether physically or digitally) Documents, Communications, and other items identified for production shall be produced in a manner consistent with the production of its host Document, Communication, or other item and immediately following the production of its host Document, Communication, or other item; where difficult to discern to what a Document, Communication, and/or other item was or is attached or appended, You shall identify the attached Document, Communication, and/or other item and its corresponding host Document, Communication, and/or other item, all

by the Bates label You assign such materials or some other identifier You assign such materials allowing Plaintiff the ability to easily identify the materials.

5.      <u>Partial Production</u>.  If any of the Documents cannot be produced in full, produce them to the extent possible, stating the reasons for Your inability to produce the remainder, stating whatever information, knowledge, or belief You have concerning the unproduced portion.

6.      <u>Time Period</u>.  The time period covered by these Requests, unless indicated otherwise in a specific request, is January 1, 2024.

## <u>REQUESTS FOR PRODUCTION</u>

1.      Any and all Communications and Documents exchanged and/or engaged in between You and any Person relating to Your employment with Guardant or offer(s) of employment made by Guardant to You, including but not limited to any actual, potential, or draft offer letters, job descriptions, compensation agreements, indemnification agreements, employee agreements or contracts, restrictive covenant agreements, including confidentiality agreements, personnel files, or any other Document or Communication addressing Your employment or potential employment with Guardant.

2.      Any and all Documents and Communications exchanged and/or engaged in between You and Guardant during Your employment with Tempus, including but not limited to Documents and Communications relating to Your departure from Tempus.

3.      All Communications between You and another Person relating to the Beyer Agreement.

4.      Any and all Documents and/or Communications exchanged and/or engaged in between You and Guardant relating to the growth, development, and/or building of any aspect of Guardant's sales division, efforts, and/or projects.

5.     Any and all Documents and Communications exchanged and/or engaged in between You and any other Person, including but not limited to Guardant, other than in the normal course of Your Tempus duties, relating to any aspect of Tempus, including but not limited to presentations You provided concerning, covering, or relating to Tempus's products, services, and/or customers.

6.     All Documents in Your possession that contain Confidential Information or Trade Secrets of Tempus and/or that are derived directly or indirectly from any Confidential Information or Trade Secrets of Tempus.

7.     All Documents belonging to Tempus or otherwise stored or housed at any point within Tempus's internal systems in Your possession that You accessed, downloaded, printed, exported, and/or uploaded from July 1, 2024 through the present.

8.     All Communications between You and another Person related to the Documents identified by You in response to Interrogatory No. 7 of Plaintiff's (Expedited) First Set of Interrogatories to Defendant Sean Beyer and/or produced by You in response to Request No. 7 herein.

Dated: September 18, 2024                    Respectfully submitted,

TEMPUS AI, INC.

By: /s/ *Mikela T. Sutrina*
                        One of Its Attorneys

Mikela T. Sutrina (6311408)
Thomas V. Panoff (6283695 )
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
321 N. Clark Street, 32nd Floor
Chicago, Illinois 60654
Tel: (312) 499-6300

8

Fax: (313) 499-6301
msutrina@sheppardmullin.com
tpanoff@sheppardmullin.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TEMPUS AI, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 24-cv-08592 |
| | ) |
| SEAN BEYER, an individual, CYDNEY | ) |
| PADEN, an individual, | ) |
| | ) |
| Defendants. | ) |

## <u>PLAINTIFF'S (EXPEDITED) FIRST REQUESTS FOR PRODUCTION TO DEFENDANT CYDNEY PADEN</u>

Plaintiff Tempus AI, Inc. ("Tempus" or "Plaintiff"), demands that Defendant Cydney Paden ("Paden" or "Defendant") produce for inspection and copying at the offices of Sheppard Mullin, Richter & Hampton LLP, 321 N. Clark St., Suite 3100, Chicago, Illinois 60654, attn: Mikela T. Sutrina, msutrina@sheppardmullin.com, within ten (10) calendar days from the date of service of these Requests, the documents and things in her possession, custody, or control that are described below.

## <u>DEFINITIONS</u>

The following definitions shall apply to the instructions and Requests below, unless specifically indicated, or otherwise required, by the context of the Request:

1.      The terms "Plaintiff" or "Tempus" mean Tempus AI, Inc., its agents and employees, and its subsidiaries, affiliates and joint ventures.

2.      The term "Guardant" means Guardant Health, Inc., its subsidiaries and affiliates, and its past or present directors, employees, officers, representatives, agents, attorneys, investigators, or anyone else acting on its behalf.

3.      The terms "You," "Your," and "Defendant" means Defendant Cydney Paden, and all past and present representatives, agents, attorneys, employees, consultants, advisors, and all other persons acting, or purporting to act, on behalf of Defendant Cydney Paden.

4.      The term "Paden Agreement" means Tempus's Confidentiality, Intellectual Property, and Restrictive Covenants Agreement You executed on May 14, 2019.

5.      The term "Verified Complaint" means the Verified Complaint filed in the above-captioned action on September 18, 2024 (Dkt. No. 1).

6.      The term "Confidential Information" or "Trade Secret" means any information regarding the business and operations of Tempus, including but not limited to Tempus's business plans, growth plans, testing strategies, mechanisms of its platforms, software, data models, processes, patented information, copyrighted information, trademarks and trademarked information, technology, competitive strategies and techniques, operational strategies and techniques, financial information, business forecasts, research, experimental work, design details and specifications, engineering, information relating to any patient (including personal health information), customer lists, information relating to customers' needs, objectives, and preferences (current or historic), customer order history, customer pricing, customer billing rates, customer contact information, customer contract details or information, customer profitability, customer projects, customer proposals, or any other information pertaining to Tempus's operations, offerings, patients, and customers.   These terms also cover any third-party information of the foregoing that was provided to Tempus.

7.      The term "Communication(s)" means any verbal conversation or written statement from one person to another, whether oral or written, including, but not limited to, any correspondence, e-mail, text, SMS message, instant message, Social Media posting or comment

(including, but not limited to, Facebook, Twitter, and LinkedIn), memorandum, interview, conference, meeting, or telephone conversation.

8.      The term "Document" is used in its broadest sense and means, without limiting the generality of its meaning, any written, typed, printed, recorded or graphic matter of any kind, however produced or reproduced, and all non-identical copies thereof, whether different because of notes made thereon or otherwise, including, but not limited to, and by way of example only: letters or other correspondence, messages, telegrams, telexes, facsimiles, e-mails, text messages, Facebook posts or messages; LinkedIn posts or messages, memoranda, notations, reports, analyses, schedules, calendars, time cards, punch cards, summaries, charts, graphs, studies, tabulations, statements, notes, notebooks, work papers, telephone toll records, invoices, books, pamphlets, brochures, press releases, diaries, minutes of meetings or conferences, transcripts of telephone conversations, transcripts of testimony, cost sheets, financial reports, accountants' papers, opinions, or reports of consultants, checks (front and back), check stubs, receipts, ledgers, purchase orders, pictures, photographs, contracts, agreements, advertisements, motion picture films, tapes, tape recordings, videotapes, indices, microfilm, other data compilations, including computer data, computer diskettes or the memory units containing such data from which information can be obtained or translated into usable form, drafts of any of the foregoing, English translations or summaries of foreign language documents and all similar documents.

9.      The term "identify" (with respect to persons) means to give, to the extent known, the persons' full name, present last known address and, when referring to a natural person, additionally, the present or last known place of employment.

10.     The term "identify" (with respect to documents) means to give, to the extent known, the:  (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s) and recipient(s).

11.     "Including" means including but not limited to the referenced subject.

12.     "Information" means information of any kind in any form whatsoever.

13.     "Person" or "Individual" means all natural persons, corporations, partnerships, limited partnerships, joint ventures, unincorporated associations, any other business association, government entities, and all other legal entities.

14.     The terms "concerning" and "relating to" as used herein shall be interpreted broadly and shall include, but not be limited to, the following meanings: consisting, containing, regarding, recording, discussing, mentioning, noting, evidencing, supporting, memorializing, summarizing, analyzing, describing, commenting upon, pertaining to and/or referring, in whole or in part, to the matters set forth.

15.     The use of the singular form of any word includes the plural and vice versa.

16.     All references made and all nouns and pronouns herein shall be construed in the singular or the plural and in such gender as the sense and circumstances require.

## GENERAL INSTRUCTIONS

The following general instructions shall apply to each of the requests for production below, unless specifically indicated, or otherwise required, by the context of the Request:

1.     Continuing Requests.   These Requests are continuing in nature.   If, after producing the requested Documents, Defendant obtains or becomes aware of any further Documents responsive to any Request herein, Defendant is required to produce to Plaintiff such additional Documents and supplement her responses.

4

2.      <u>Privileged or Proprietary Matter</u>.  In the event that any Document is withheld on the basis of any legal objection or privilege, Defendant shall indicate the following information for each such withheld Document:  (a) date of the Document; (b) general character or type of Document (*i.e.*, letter, memorandum, notes of meeting, etc.); (c) identity of the person in possession of the Document; (d) identity of the author of the Document; (e) identity of the original recipient or holder of the Document; (f) relationship of the author, addressee and any other recipient; (g) general subject matter of the Document; and (h) legal basis, including, but not limited to, any legal objection or privilege for withholding the Document.

3.      <u>Lost or Destroyed Documents</u>.  If any Document which is the subject of these Requests was at one time in existence, but was subsequently lost, discarded, or destroyed, identify such Document as completely as possible, including the following information:  (a) type of Document, (b) date of Document, (c) date when the Document became lost, discarded or destroyed, (d) circumstances under which the Document was lost, discarded or destroyed, and (e) identity of all Persons having knowledge of the contents of the Document.

4.      <u>Form of Production Pursuant to Federal Rule of Civil Procedure 34(b)(2)(E)</u>.  All Documents shall be produced as they are kept in the usual course of business or as You ordinarily keep them, or You shall organize and label them to correspond with the categories in the Request, where such Request includes categories.  In this connection, and for purposes of illustration, all Documents should be produced in the file folders and file cartons in which they have been maintained or stored, clipped, stapled or otherwise arranged in the same form and manner as they were found.  If You choose to produce Documents corresponding with the categories in a Request, where such Request includes categories, You should identify the file folders, drawers, or cartons in which the Documents were originally maintained and the Person

5

or Persons in whose custody or control such files are or were maintained. In the case of digital items stored and/or located in digital file folders or containers, You shall identify the file folder and/or container, by name, in which each such digital item (identified by the Bates label You assign such digital item or some other identifier You assign such item allowing Plaintiff the ability to easily identify the item) are stored and/or located by production of metadata or separate communication containing such file folders and/or containers identification and corresponding produced items' designation(s). All Documents, including Communications, shall be produced in native form or in the form of a searchable (by word and/or term) PDF. In the case of message strings (*i.e.*, digital typed messages and/or instant messages), including but not limited to text message strings, Zoom message strings, Microsoft Teams message strings, Slack message strings, and Whatsapp message strings, such message strings must be produced in either (1) Excel format identifying the date, time, sender, and recipient of each message and all individuals a part of each message string or (2) PDF format containing the date, time, and sender of each message and beginning with the first message in the message string and containing each subsequent message in the message string, produced in a continuous, contiguous manner. All Documents, Communications, and other items attached or appended to (whether physically or digitally) Documents, Communications, and other items identified for production shall be produced in a manner consistent with the production of its host Document, Communication, or other item and immediately following the production of its host Document, Communication, or other item; where difficult to discern to what a Document, Communication, and/or other item was or is attached or appended, You shall identify the attached Document, Communication, and/or other item and its corresponding host Document, Communication, and/or other item, all

by the Bates label You assign such materials or some other identifier You assign such materials allowing Plaintiff the ability to easily identify the materials.

     5.    <u>Partial Production</u>.  If any of the Documents cannot be produced in full, produce them to the extent possible, stating the reasons for Your inability to produce the remainder, stating whatever information, knowledge, or belief You have concerning the unproduced portion.

     6.    <u>Time Period</u>.  The time period covered by these Requests, unless indicated otherwise in a specific request, is January 1, 2024.

## REQUESTS FOR PRODUCTION

     1.    Any and all Communications and Documents exchanged and/or engaged in between You and any Person relating to Your employment with Guardant or offer(s) of employment made by Guardant to You, including but not limited to any actual, potential, or draft offer letters, job descriptions, compensation agreements, indemnification agreements, employee agreements or contracts, restrictive covenant agreements, including confidentiality agreements, personnel files, or any other Document or Communication addressing Your employment or potential employment with Guardant.

     2.    Any and all Documents and Communications exchanged and/or engaged in between You and Guardant during Your employment with Tempus, including but not limited to Documents and Communications relating to Your departure from Tempus.

     3.    All Communications between You and another Person relating to the Paden Agreement.

     4.    Any and all Documents and/or Communications exchanged and/or engaged in between You and Guardant relating to the growth, development, and/or building of any aspect of Guardant's sales division, efforts, and/or projects.

5.     Any and all Documents and Communications exchanged and/or engaged in between You and any other Person, including but not limited to Guardant, other than in the normal course of Your Tempus duties, relating to any aspect of Tempus, including but not limited to presentations You provided concerning, covering, or relating on Tempus products, services, and/or customers.

6.     All Documents in Your possession that contain Confidential Information or Trade Secrets of Tempus and/or that are derived directly or indirectly from any Confidential Information or Trade Secrets of Tempus.

7.     All Documents belonging to Tempus or otherwise stored or housed at any point within Tempus' system in Your possession that You accessed, downloaded, printed, exported, and/or uploaded from July 1, 2024 through the present.

8.     All Communications between You and another Person related to the Documents identified by You in response to Interrogatory No. 7 of Plaintiff's (Expedited) First Set of Interrogatories to Defendant Cydney Paden and/or produced by You in response to Request No. 7 herein.

Dated: September 18, 2024                    Respectfully submitted,

                                             TEMPUS AI, INC.

                                             By: /s/ *Mikela T. Sutrina*
                                                      One of Its Attorneys

                                             Mikela T. Sutrina (6311408)
                                             Thomas V. Panoff (6283695 )
                                             **Sheppard Mullin Richter & Hampton LLP**
                                             321 N. Clark Street, 32nd Floor
                                             Chicago, Illinois 60654
                                             Tel: (312) 499-6300

Fax: (313) 499-6301
msutrina@sheppardmullin.com
tpanoff@sheppardmullin.com